**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **BRENT BROWN,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | |
| v. ) | Case Nos. 08-20115-1-CM |
| ) | 10-2485-CM |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 105), and the government's Motion to Enforce Waiver and Response to Defendant's Pro Se Motion to Vacate His Sentence Under 28 U.S.C. § 2255 (Doc. 107). Petitioner argues that (1) his appointed counsel provided ineffective assistance, rendering his plea unknowing and involuntary, and (2) an intervening change in law to the crack cocaine guidelines warrants relaxation of the plea waiver restrictions. The government moves to enforce the waiver in the plea agreement and urges the court to deny petitioner's motion. (Doc. 107.) For the reasons set forth below, this court denies petitioner's § 2255 motion and grants the government's motion.

**I.      Factual and Procedural Background**

After receiving an anonymous tip from a Confidential Informant (CI), law enforcement set up a controlled buy between the CI and petitioner for the purchase of $20 of crack cocaine. After the controlled purchase, and after surveilling petitioner's residence, law enforcement officials obtained and executed a search warrant of petitioner's residence. While searching the residence, law

enforcement officials located petitioner in the residence, along with over fifty grams of cocaine base, $7,354.00 in U.S. currency, and seven weapons. Additionally, body armor, ammunition, digital scales, torn plastic baggies, and other suspected narcotics were recovered.

Petitioner pleaded guilty to Count 1 of the Indictment, knowing and intentional possession with intent to distribute more than fifty grams of crack cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and Title 18 U.S.C. § 2. This court sentenced petitioner on October 27, 2009 to a term of 156 months imprisonment.

Petitioner appealed to the Tenth Circuit Court of Appeals which issued a mandate on August 10, 2010 dismissing the appeal. Petitioner timely filed this § 2255 motion.

## II. Legal Standard and Analysis

In *United States v. Hahn*, the Tenth Circuit established a three-pronged test for reviewing cases brought under 28 U.S.C. § 2255 after a petitioner has waived his right to collaterally attack aspects of his case: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as [defined] herein." 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d, 886, 890–92 (8th Cir. 2003)).

Petitioner argues that his counsel was ineffective, and that the court should relax the waiver provision restrictions because of the intervening change in law regarding crack cocaine offenses. Petitioner claims counsel was ineffective for the following reasons: (1) his counsel failed to inform him of the consequences of entering into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure regarding his ability to later request a reduction in his sentence under the new crack cocaine sentencing guidelines; and (2) his counsel failed to properly inform him

-2-

of the consequences of signing a plea agreement which included a waiver of collateral attack provision, prohibiting his ability to later challenge his sentence. (Doc. 105, at 4–10.) Petitioner also argues that even if this court does not find petitioner's counsel was ineffective, it should discretionarily relax the plea waiver restriction in order to grant petitioner's motion for a sentence reduction due to an intervening change in the sentencing guidelines regarding crack cocaine offenses. (Doc. 105, at 10–12.) The government moves to enforce the waiver provision of petitioner's plea agreement, arguing that the issues fall within the scope of the plea waiver, that it would not be a miscarriage of justice to enforce the plea waiver, and that the change to the sentencing guidelines regarding crack cocaine offenses is not retroactive. (Doc. 107.)

### A. The Scope and Validity of the Waiver

At the plea colloquy, petitioner asserted, under oath, that he was entering the plea knowingly, voluntarily, and of his own free will; that no one had forced or threatened him to do so; that his counsel informed him of the charges and consequences of pleading guilty; and that he was satisfied with the advice and services of his attorney. (Doc. 94, at 5, 19–22, 25–26.) He also stated that he had reviewed and understood the waiver of his right to appeal and collaterally attack his sentence and conviction, and indicated that he wanted to proceed, knowing he was waiving or giving up these rights. (*Id*. at 17–20.) Further, petitioner signed the plea agreement, in open court, which sets out the following in paragraph 9, entitled "Waiver of Appeal and Collateral Attack":

> If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, and sentence. The defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a conviction or the sentence imposed by the Court. The defendant also waives any right to challenge the sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited

> to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 59, at 5–6.)

Relying on the record and the court's own independent recollection, *see United States v. Scully*, 798 F.2d 411, 412 (10th Cir. 1986) (providing that the district court may rely on its personal recollection, as long as it also reviews the record where available), the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that the plea was voluntary. Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996), the evidence suggests that petitioner knowingly and voluntarily entered his plea.

### B. Whether Enforcing the Waiver Would Result in a Miscarriage of Justice

Enforcing a waiver results in miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Petitioner bears the burden of showing that one of these factors is met. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) (citation omitted). Petitioner has not provided evidence, nor does he suggest, that the court relied on an impermissible factor such as race in these proceedings, or that the plea waiver was unlawful. Further, petitioner's sentence did not exceed the statutory maximum. He focuses instead on the second factor, ineffective assistance of counsel.

Under 28 U.S.C. § 2255, a motion for ineffective assistance of counsel is considered waivable unless the implication of miscarriage of justice is in connection with the negotiation of the waiver. *Hahn*, 359 F.3d at 1327; *see Cockerham*, 237 F.3d at 1187. The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance rendering petitioner's plea unknowing and involuntary. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).

### 1.     Ineffective Assistance of Counsel Claims

Petitioner argues that his plea was unknowing and involuntary because his counsel was ineffective for: (1) failing to inform petitioner of the consequences of entering into a Rule 11(c)(1)(C) plea and how it affected his ability to obtain relief under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2); and (2) failing to properly inform petitioner of the consequences of entering into a plea agreement that would waive his right to collaterally attack his sentence. His ineffective assistance claims relate to his ability to challenge his conviction pursuant to the 2010 Amendment to the Sentencing Guidelines regarding crack cocaine offenses.

Under *Strickland*, a petitioner bears the burden of demonstrating that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In order to demonstrate prejudice, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be

followed." *Id.* at 697. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

The court does not find that petitioner's counsel was ineffective for negotiating a plea pursuant to Rule 11(c)(1)(C) for petitioner. When parties enter into a plea agreement under this provision, the parties:

> agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

Fed. R. Crim. P. 11(c)(1)(C). By pleading guilty to an 11(c)(1)(C) plea agreement, petitioner received the following benefits from the government: (1) a recommendation of 156 months imprisonment, a sentence in the middle of petitioner's sentencing guideline range of 135–168 months, rather than a sentence at the high end; and (2) an agreement not to file additional charges based on the facts of petitioner's case. Petitioner argues that had he been properly advised of the consequences of entering into an 11(c)(1)(C) plea, he would have insisted on entering into a "type 'A' or 'B' agreement, or would have insisted on proceeding to trial." (Doc. 105, at 8.) However, petitioner received more of a benefit under provision (C) than he would have received under provisions (A) or (B).[1] Therefore, counsel's representation in negotiating a Rule 11(c)(1)(C) plea

---

[1] Fed. R. Crim. P. 11(c)(1)(A) does not apply because petitioner's Indictment included only one charge. Although under Fed. R. Crim. P. 11(c)(1)(B), the government would have been able to recommend a lower sentence, or would not have been able to oppose the petitioner's request for a particular sentence or sentencing guideline range, this provision would not have been binding on the court once the plea agreement was accepted. The court was, however, bound to the parties' recommendation to sentence petitioner to a term of imprisonment in the middle of the Sentencing Guidelines range once it accepted the 11(c)(1)(C) plea agreement, and therefore, was not able to

(continued...)

agreement in this case was reasonable under *Strickland*.

Next, petitioner argues that his plea was unknowing and involuntary because counsel was ineffective for advising him to sign a plea agreement that waived his right to collaterally attack his sentence. However, evidence in the record suggests that after consulting with counsel, petitioner knowingly and voluntarily signed the plea agreement, which included the waiver of appeal and collateral attack.

This court conducted the following plea colloquoy with petitioner:

> THE COURT: I am going to ask if you'll take a look at your plea agreement. On Paragraph 9, I understand is the waiver of appeal and collateral attack section. Now prior to our hearing, Mr. Brown, did Mr. Harris go over this part of your plea agreement with you.
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did he inform you of what that part of your plea agreement was about?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And after having gone over it with him, at this time, are you asking this court to approve this paragraph as part of your plea agreement?
>
> THE DEFENDANT: No sir.
>
> THE COURT: Let me re-ask that again. In regards to this paragraph, did Mr. Harris go over that paragraph with you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now do you understand this paragraph, what this paragraph says? It says that if I accept the plea agreement, that you're knowingly and voluntarily waiving any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. It goes on and says some other things

---

[1] (...continued)
sentence petitioner at the high end.

in that paragraph as well.  Now, do you understand that this paragraph, if the court were to approve the plea agreement, means that you're giving up any right to appeal, basically, anything to do with your case?  Do you understand that?

THE DEFENDANT: Yes.

. . .

THE COURT: . . . anything else having to do with your case, again, with your conviction and your sentence, do you understand by agreeing to this, you would not be able to appeal that?

THE DEFENDANT: Yes.

THE COURT: Now, did anyone force you or threaten you into agreeing to this part of your plea agreement?

THE DEFENDANT: No, sir.

THE COURT: Are you telling the court that you're asking the court of your own free will to accept this part of your plea agreement?

THE DEFENDANT: Yes.

. . .

THE COURT: So, again, I'll ask you, after going over this paragraph with your attorney and also asking you these questions here in court, is it your wish that the court approve this paragraph as part of your plea agreement?

THE DEFENDANT: Yes.

(Doc. 94, at 117–21.)

After thoroughly reviewing the record, the court does not find that petitioner's plea was unknowing and involuntary.

Petitioner also argues that his counsel was ineffective for not informing him that had he not waived his right to collaterally attack his sentence, he would have been able to file a motion under either 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c)(2) once the amended Sentencing Guidelines were

passed. However, when Congress recently enacted the *Fair Sentencing Act of 2010,* Pub. L. 111–220, 124 Stat. 2372 (Aug. 3, 2010) (the "Act"), reducing the crack cocaine/powder cocaine ratio to 18:1, Congress did not specifically mention that it retroactively applies to convictions that took place prior to its enactment. *United States v. Lewis*, No. 09-3329, 2010 WL 4262020, at *3 (10th Cir. Oct. 29, 2010). The Tenth Circuit has recently ruled that the Act does not apply retroactively. *Id.*

When a statute is silent regarding its retroactive application, courts have generally presumed that the statute is not retroactive. *See United States v. Conley*, No. 08-20054-BC, 2010 WL 4818389, at *1 (E.D. Mich. Nov. 19, 2010) (finding that because the Act did not provide an express statement regarding the Act's retroactive application, it does not have retroactive application); *United States v. Millhouse*, No. 7:04-CR-85-F3, 2010 WL 4338383, at *2 (E.D.N.C. Oct. 22, 2010) (noting there was no indication that the Act was to be applied retroactively, and therefore, did not grant relief requested); *United States v. King*, No. 6:04-cr-46-Orl-19GJK, 2010 WL 3490266, at *2 (M.D. Fla. Aug. 31, 2010) (presuming that the Act only applies to future conduct when there is a lack of Congressional statement applying an amendment retroactively); *Fermin v. Hernandez*, No. 02 CR 1213(RPP), 2010 WL 4683573, at *1 (S.D.N.Y. Nov. 17, 2010) (noting inappropriateness in applying the Act retroactively because it is silent with respect to retroactive applicability); *United States v. Magee*, No. 06-120, 2010 WL 3829349, at *1 (E.D. La. Sept. 23, 2010) (finding "absent a clear Congressional intent, an amendment changing the punishment for a crime applies only prospectively, not retroactively").

Rather, when a statute is silent as to its retroactive application, courts have applied 1 U.S.C. § 109, which states the following:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

*Conley*, 2010 WL 4818389, at *1 (citing *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 661 (1974)). Unlike the 2007 Sentencing Guideline amendments, courts have not applied the 2010 sentencing guideline amendments retroactively to prior imprisonment sentences. *United States v. Douglas*, No. 09-202-P-H, 2010 WL 4260221, at *3 (D. Me. Oct. 27, 2010) (citing *United States v. Bell*, No. 09-3908, 2010 WL 4103700, at *10 (7th Cir. Oct. 20, 2010); *United States v. Brown*, No. 10-1791, 2010 WL 3958760, at *1 (8th Cir. 2010); *United States v. Carradine*, No. 08-3220, 2010 WL 3619799, at *5 (6th Cir. Sept. 20, 2010)). Therefore, because the Act is not to be applied retroactively, without specific congressional intent, counsel's performance was not deficient during plea negotiations despite the changes to the Sentencing Guidelines regarding crack cocaine offenses.

Petitioner has failed to demonstrate that his plea was unknowing and involuntary, and that counsel's representation of petitioner fell below "an objective standard of reasonableness" during plea negotiations, thereby failing to meet his burden under *Strickland*. 466 U.S. at 688, 694. Therefore, the court finds that counsel was not ineffective in his representation of defendant, and it would not be a miscarriage of justice to enforce the plea waiver. *Hahn*, 359 F.3d at 1327.

**2.     Request for the Court to Discretionarily Relax the Waiver Restriction of His Plea Agreement**

Petitioner argues that even if counsel was not ineffective in his representation of petitioner, the court should ignore the plea waiver, and believes it would be appropriate to resentence petitioner under the new crack cocaine Sentencing Guidelines because of the intervening change in law. He argues in his reply that procedural or remedial changes in law are applied retroactively, and that a

-10-

law is retroactive if it "attaches new legal consequences to an event, transaction, or conduct that was completed before the law's effective date." (Doc. 108.) However, as discussed above, the court finds that the Act does not apply retroactively, and that it would not be a miscarriage of justice to enforce the plea waiver. Therefore, this court declines to grant the relief petitioner requests.

### C. Evidentiary Hearing

The record before the court conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

### D. Certification of Appeal

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 105) is denied.

**IT IS FURTHER ORDERED** that the government's Motion for Enforcement of the Waiver

in the Plea Agreement (Doc. 107) is granted.

**IT IS THEREFORE ORDERED** that a Certificate of Appealability is denied as to petitioner's § 2255 motion.

Dated this 27th day of January, 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**