IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES,                                )<br>                                                        )<br>            Plaintiff,                             )<br>                                                        )   Case No. 08-20115-01-CM (Criminal)<br>v.                                                   )<br>                                                        )<br>                                                        )<br>BRENT BROWN,                            )<br>                                                        )<br>            Defendant.                       )<br>                                                        )<br>_____) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Brent Brown's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 117). In its response to defendant's § 3582(c)(2) motion, the government asks the court to deny the motion because the parties agreed to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. (Doc. 119.) For the following reasons, the court denies defendant's motion.

Brown entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) on May 4, 2009. (Doc. 59.) Brown pleaded guilty to knowingly and intentionally possessing with intent to distribute more than fifty grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). The government agreed to drop the other count against Brown—possession of a firearm while committing a drug trafficking crime pursuant to 18 U.S.C. § 924(c)—as a condition of the plea. The plea agreement proposed a 156-month sentence and five years of supervised release. The court imposed a sentence consistent with the agreement on October 27, 2009. (Doc. 85.)

## ANALYSIS

Generally, federal courts lack jurisdiction to reduce a term of imprisonment once it has been imposed. *United States v. Smartt,* 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.") (citation and quotation marks omitted). Under 18 U.S.C. § 3582(c)(2), however, a district court may reduce a sentence when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission [and] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

In his motion, Brown argues that Amendment 750 to the Sentencing Guidelines entitles him to a sentence reduction. The Fair Sentencing Act ("FSA") took effect on August 3, 2010, amending a variety of statutory provisions regarding crack cocaine violations. *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). The FSA increased the amounts of cocaine base that triggered various statutory mandatory minimum sentences—altering the "crack-to-powder" ratio from 100:1 to 18:1. *Id.* Pursuant to the FSA, the Sentencing Commission amended the Sentencing Guidelines based on the FSA's new mandatory minimum sentences. *United States v. Frazier*, No. 07-20018-JWL, 2012 WL 780973, at *1 (D. Kan. Mar. 7, 2012). The amended Guidelines became retroactively effective on November 1, 2011, although the FSA was not retroactively applicable. *Id.* at *1 n.2. Despite the retroactive nature of the amended Guidelines, however, Brown is not entitled to relief. The court explains why below, after first addressing a procedural concern.

**1. Waiver**

Brown's plea agreement contained a waiver provision, which stated "by entering into this agreement, the defendant knowingly waives any right to appeal his conviction or the sentence imposed by the court," including motions under 18 U.S.C. § 3582(c)(2).  (Doc. 59, ¶ 9.)   The government did not invoke this waiver in its response to defendant's motion.  Failure to invoke a waiver is a waiver in and of itself.  *See Frazier*, at *2 (noting that the court will not raise the issue sua sponte); *see also United States v. Calderon*, 428 F.3d 928, 930−31 (10th Cir. 2005) (noting that the conditions of the agreement are waived when the government fails to invoke the plea's waiver); *United States v. Callirgos-Navetta,* 303 F. App'x 585, 587 n.2 (10th Cir. 2008) (declining to enforce waiver sua sponte).  The court therefore will consider Brown's motion without determining whether it is barred by the post-conviction waiver contained in the plea agreement.  *See Frazier*, at *2.

**2. Rule 11(c)(1)(C) Plea Agreement**

In *Freeman v. United States,* the Supreme Court evaluated whether a defendant sentenced pursuant an 11(c)(1)(C) plea agreement could be eligible for a § 3582(c)(2) reduction of term of imprisonment.  131 S. Ct. 2685 (2011).  The four-Justice plurality determined that because the sentencing judge is required to take the guidelines into account before accepting the agreed-upon 11(c)(1)(C) plea, the judge's decision is ultimately based on the guidelines.  *Id.* at 2692–93.  They provided a "straightforward" approach, concluding that a defendant could qualify for § 3582 relief when the sentencing guidelines are amended and made retroactive.  *Id.* at 2695.

In her concurrence, Justice Sotomayor determined that the court imposes a Rule 11(c)(1)(C) sentence based on the parties' plea agreement, rather than on the sentencing judge's assessment of the guidelines.  *Id.*  (Sotomayor, J., concurring).  Her opinion more narrowly defined whether the judge used the sentencing guidelines when sentencing the defendant, and held that if a Rule 11(c)(1)(C)

-3-

agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered . . . , the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.*

If the outcome of a case is determined by a plurality of the Justices, and "no single rationale explaining the result enjoys the assent of five Justices," then the holding is the position taken by the Justices who concurred in the judgment on the narrowest ground. *Marks v. United States*, 430 U.S. 188, 193 (1977). Here, because "Justice Sotomayor's concurrence delineates the narrowest grounds on which at least five Justices agree, . . . it is the controlling decision." *Frazier*, 2012 WL 780973, at *2 (quoting *United States v. Rivera-Martinez*, No. 09-1766, 2011 WL 6358033, at *4 (1st Cir. Dec. 20, 2011) (internal citations and quotation marks omitted)).

Brown's Rule 11(c)(1)(C) plea agreement clearly states that the parties did not use the Guideline sentencing range to establish his term of imprisonment: "The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting the imposition of an advisory guideline sentence." (Doc. 59, at ¶ 4.) Applying Justice Sotomayor's concurrence in *Freeman*, Brown is ineligible for § 3582 relief because his Rule 11(c)(1)(C) plea agreement did not expressly use the Guideline sentencing range to establish the length of his sentence. *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring); *see also Frazier*, 2012 WL 780973, at *2; *United States v. Wilson*, No. 10-20064-JWL, 2012 WL 555072, at *2 (D. Kan. Feb. 21, 2012); *United States v. Buchanan*, No. 07-40029-02-RDR, 2012 WL 266411, at *2 (D. Kan. Jan. 25, 2012).

**IT IS THEREFORE ORDERED** that defendant Brent Brown's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 117) is denied.

Dated this 8th day of April 2013, at Kansas City, Kansas.

                                 **s/ Carlos Murguia**
                                 **CARLOS MURGUIA**
                                 **United States District Judge**