IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRENT BROWN,<br><br>    Defendant. | Case No. 08-20115-JAR-1 |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Brent Brown's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 197). Brown seeks release on the ground that he has numerous medical conditions that place him at heightened risk of severe illness if he contracts COVID-19. The government opposes Brown's motion. For the reasons set forth in detail below, the Court dismisses the motion for lack of jurisdiction.

**I.   Background**

On May 4, 2009, Brown appeared before Judge Carlos Murguia and pleaded guilty to one count of possession with intent to distribute more than 50 grams of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(b)(a)(1) and (b)(1)(A)(iii), pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement.[1] On October 27, 2009, Judge Murguia sentenced Brown to 156 months' imprisonment, followed by five years of supervised release.[2] The Tenth Circuit Court of Appeals subsequently dismissed Brown's appeal of his conviction and sentence.[3]

---

[1] Docs. 58, 59.

[2] Doc. 85. This case was reassigned to Chief Judge Julie A. Robinson on February 2, 2020. Doc. 178.

[3] *United States v. Brown*, 387 F. App'x 855, 856 (10th Cir. 2010).

On July 6, 2018, Brown's sentence was reduced to 120 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[4]  He began serving his term of supervised release on July 10, 2018.[5]  In November 2019, while on supervised release, Brown sustained six gunshot wounds to his abdomen, leg, and foot.  Brown was hospitalized for one month.  He lost his spleen, had a colostomy, and lost the use of one of his lungs.  He has a history of blood clots in his left leg following surgery during that hospital stay.

On January 4, 2020, less than one month after being released from the hospital, officers attempted to stop a car Brown was driving.  Brown led them on a high-speed chase reaching speeds of 117 mph.  Brown finally stopped after the officers deployed brake sticks; he then attempted to flee on foot.  Officers arrested Brown for criminal possession of a weapon by a felon, driving under the influence, and driving with no license.  This further resulted in the revocation of Brown's supervised release in this Court on November 2, 2020, and a sentence of 24 months' imprisonment, followed by one year of supervised release.[6]

Brown is currently serving his 24-month revocation sentence at USP Leavenworth.  Brown is 33 years old, and his projected release date is October 5, 2021.  As of March 17, 2021, the Bureau of Prisons ("BOP") reports that USP Leavenworth has a population of 1,514 inmates, of which 874 have tested positive for COVID-19.[7]  The BOP also reports that 874 inmates have recovered at this facility, which is inconsistent with its report that there are currently 11 active inmate cases at USP Leavenworth.[8]  There have been two inmate deaths attributed to COVID-19

---

[4] Doc. 137.

[5] Doc. 174 ¶ 1.

[6] Doc. 195.

[7] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited March 17, 2021).

[8] *See id.*

at this facility.[9]  Currently, 132 staff and 116 inmates at USP Leavenworth have been fully vaccinated.[10]

On February 1, 2021, Brown filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), based on the ongoing medical issues he has from being shot six times in 2019: a colostomy, which is difficult to manage in a prison setting, a history of blood clots in his left leg, pain in his legs, compromised respiratory function limited to one lung, a compromised immune system from these injuries and the loss of his spleen, depression, and post-traumatic stress disorder.

Under District of Kansas Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act of 2018.[11]  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  The FPD has notified the Court that it does not intend to enter an appearance in Brown's case.  Accordingly, Brown proceeds *pro se*.

The government opposes Brown's motion, arguing that he has failed to demonstrate that his medical condition presents extraordinary and compelling circumstances warranting a sentence reduction, and further that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against granting release.

---

[9] *Id.*

[10] *Id.*

[11] Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

## II.     Legal Standard

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[12]  Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[13] a court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Where this exhaustion requirement is met, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, that a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and that the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction.[14]  The Sentencing Commission has recognized four categories of "extraordinary and compelling reasons": the defendant's medical condition, the defendant's age, the defendant's family circumstances, and a catch-all, "other reasons."[15]

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."[16]  "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the

---

[12] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[13] Pub. L. No. 115-391, 132 Stat. 5194.

[14] 18 U.S.C. § 3582(c)(1)(A); *see United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020).

[15] U.S.S.G. § 1B1.13 cmt. n.1; *see United States v. Gieswein*, 832 F. App'x 576, 577 (10th Cir. 2021).

[16] *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)) (vacating the district court's order denying a § 3582(c)(1)(A) motion and remanding with instructions to dismiss the motion for lack of jurisdiction).  *But see United States v. Read-Forbes*, ___ F. App'x ___, No. 20-3104, 2021 WL 423160, at *2 n.1 (10th Cir. Feb. 8, 2021) (questioning, but not deciding, "whether [the defendant]'s failure to satisfy the substantive requirements of § 3582(c)(1)(A) is jurisdictional").

court to have jurisdiction."[17]  In other words, if the defendant cannot show that § 3582(c) authorizes relief, the Court must dismiss the motion for lack of jurisdiction.[18]

### III.    Discussion

#### A.    Exhaustion

Brown submitted a written request for compassionate release to the warden of USP Leavenworth on December 8, 2020, which the warden denied.[19]  Because more than 30 days have passed since the warden received the compassionate release request, Brown has satisfied the exhaustion requirement.

#### B.    Extraordinary and Compelling Circumstances

Brown argues that his medical conditions, coupled with the ongoing COVID-19 pandemic, constitute an extraordinary and compelling reason for compassionate release.  The government argues that Brown has not established an extraordinary and compelling reason pursuant to Department of Justice policy and Centers for Disease Control and Prevention guidance.  But the Court finds that the combination of Brown's medical conditions amount to an extraordinary and compelling reason, given that his breathing and immune system are likely compromised.  Although Brown does not "need" colostomy surgery, since it is an elective surgery,[20] the Court nonetheless recognizes that managing a colostomy in the prison environment may subject him to a higher risk of infection, which could further compromise his ability to fight

---

[17] *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

[18] *Saldana*, 807 F. App'x at 820; *Poutre*, 834 F. App'x at 474.  *But see Read-Forbes*, 2021 WL 423160, at *2 n.1.

[19] Doc. 200-1.  While the government has submitted a copy of the warden's denial, the copy is neither dated nor signed.  The government states that it has been unable to locate a signed and dated copy in BOP records.

[20] Doc. 200 at 19.

the COVID-19 virus should he contract it.  Accordingly, the Court will move on to consider the 18 U.S.C. § 3553(a) factors.

### C. Section 3553(a) Factors

Although the Court finds that Brown has established an extraordinary and compelling reason for compassionate release, satisfying that burden does not resolve the issue of his entitlement to a reduction in sentence.  The Court must still consider (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants.[21]

Application of the § 3553(a) factors here does not support a reduction of Brown's sentence to time served.  Brown pleaded guilty to one count of possession with intent to distribute more than 50 grams of cocaine base.  After selling cocaine base to a confidential informant, officers executed a search warrant at Brown's residence.  There, they seized 153.6 grams of cocaine base, $7000, and several firearms.  Brown has a history of violent offenses.  At the time he was charged in this Court, he had pending charges in Wyandotte County District Court for aggravated robbery, aggravated battery, aggravated assault, and criminal discharge of a firearm into an occupied dwelling or vehicle.  He had a separate pending charge in Wyandotte County for sale of drugs.   In 2006, when Brown was 19 years old, he was charged with aggravated assault, criminal discharge of a firearm, and theft.  The disposition of those charges is "unknown," but the offense reports reflect that Brown alleged that someone in a van had shot

---

[21] *See* 18 U.S.C. § 3553(a)(1)–(6).

Brown in the hand; the occupants of the van, a 34-year-old woman and a 14-year-old alleged that Brown had fired two shots into their van.  It was also determined that the vehicle Brown was driving was stolen.

Brown is currently serving a 24-month sentence for a revocation of supervised release, after he dangerously fled from officers, taking them on a high-speed chase reaching speeds of 117 mph.  Officers later seized a weapon, which Brown illegally possessed as a convicted felon.  The nature of this offense and the nature of Brown's original offense, coupled with Brown's criminal history and the unfortunate incident in 2019 in which he sustained six gunshot wounds, all demonstrate that he presents a risk to the community.  He has a pattern of violent and otherwise dangerous behavior.

Brown is currently serving a 24-month revocation sentence, and his projected release date is October 5, 2021, six months from now.  A sentence of time served would not be sufficient to provide just punishment, given the serious nature of Brown's conduct resulting in revocation while on supervised release for a conviction for possessing drugs to distribute, while in possession of a firearm.  Nor would a sentence of time served promote respect for the law, sufficiently deter crime, or sufficiently protect the public from Brown.  Though Brown offers a release plan to live with his girlfriend and get treatment and elective colostomy surgery through Medicaid, the Court is not convinced that this release plan will sufficiently protect the public from further crimes.  After all, less than one month after Brown was released from his month-long hospitalization after the gunshot wounds, he was leading police officers on a high-speed chase, with a firearm in the car, leading to the revocation of his supervised release.  Further, Brown's offer that he has secured employment painting houses sounds implausible or at least inconsistent with the medical conditions he details.

The Court finds that Brown's sentence remains sufficient, but not greater than necessary, to comply with the sentencing factors set forth in § 3553(a).  Accordingly, a sentence reduction is not warranted under § 3582(c)(1)(A).  Because Brown's motion fails to show that he satisfies § 3582(c)(1)(A), the Court must dismiss the motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Brent Brown's Motion for Compassionate Release (Doc. 197) is **dismissed without prejudice for lack of jurisdiction**.

**IT IS SO ORDERED.**

Dated: March 18, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
