IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRENT BROWN,<br><br>    Defendant. | Case No. 08-20115-JAR-01 |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Brent Brown's Motion to Modify Conditions of Supervised Release (Doc. 216) seeking to remove the special condition requiring him to participate in a cognitive behavioral program. The United States Probation Office ("USPO") does not approve of Defendant's request and the government has filed a response opposing the motion.[1] For the reasons explained below, the Court denies Defendant's motion.

### I.     Background and Procedural History

After pleading guilty to one count of possession with intent to distribute more than fifty grams of cocaine base on October 27, 2009, Defendant was sentenced to 156 months' imprisonment followed by a five-year term of supervised release.[2] Defendant's sentence was subsequently reduced to 120 months pursuant to 18 U.S.C. § 3582(c)(2).[3] Defendant's term of supervised release began on July 10, 2018.

In January 2020, Defendant was arrested for violation of the terms of his supervised release after he was shot six times and, after he was released from the hospital, engaged law

---

[1] Doc. 217.

[2] Docs. 56, 58, 59, 84, 85.

[3] Doc. 137.

enforcement officers in a high-speed chase after an attempted traffic stop.  Defendant was apprehended after abandoning his vehicle and fleeing on foot, and a loaded handgun was found in his vehicle.  He was ultimately charged in state court with possession of a weapon by a felon, driving under the influence of alcohol or drugs, and operating a motor vehicle without a valid license.

In November 2020, Judge Carlos Murguia revoked Defendant's supervision and sentenced him to 24 months' imprisonment, followed by one year of supervised release.[4]  The court imposed Special Condition 3 requiring Defendant to "participate in an approved program for mental health treatment, and follow the rules and regulations of that program, which may include psychological counseling."[5]

Defendant was released from custody and commenced supervised release on October 5, 2021.  He now seeks modification of his supervised release by removing the special condition of participation in a cognitive behavioral program, specifically Moral Reconation Therapy ("MRT").[6]  Due to employment requirements, transportation difficulties, and associated financial responsibilities, Defendant claims that it is too burdensome for him work long physical hours at his job and then attend the MRT classes held on Wednesday evenings from 6:00 to 7:00 p.m. Defendant is otherwise in compliance with his supervision.

**II.   Discussion**

Under 18 U.S.C. § 3583(d), the sentencing court has extensive discretion in imposing special conditions of supervised release.  Likewise, § 3583(e)(2) provides district courts the authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to

---

[4] Docs. 194, 195.

[5] Doc. 195 at 5.

[6] This matter was reassigned to the undersigned on February 20, 2020  Doc. 178.

the expiration or termination of the term of supervised release." "It is clear from the language of the statute that a district court has the authority to modify conditions of supervised release after considering certain 18 U.S.C. § 3553(a) factors," specifically: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and any pertinent policy statement issued by the Sentencing Commission.[7] By its terms, § 3583(e)(2) does not require a district court to make particular findings, such as a finding of changed circumstances, prior to modifying the terms of supervised release.[8]

Defendant does not argue that the special condition imposed by Judge Murguia was not reasonably related to the considered sentencing factors or otherwise unreasonable or unwarranted. Instead, he seeks modification of the MRT condition because he believes that it is unnecessary and burdensome. The Court disagrees.

Defendant's background supports the MRT condition, as such classes utilize cognitive behavioral therapy techniques to positively change an individual's decision-making instincts. As the government points out, Defendant's multiple instances of poor and maladaptive decision making are evidenced by the nature of the underlying offense, and his criminal history demonstrates repeated decisions to violate the law. Moreover, the USPO does not support Defendant's request, and reports that he has shown blatant disregard for the MRT condition by failing to attend classes or not participating when he does go to class. This is the type of

---

[7] *United States v. Begay*, 631 F.3d 1168, 1170–71 & n.1 (10th Cir. 2011).
[88] *Id.* at 1171.

behavior the MRT classes are designed to target and why the court deemed this special condition appropriate in the first instance.  While the Court appreciates the logistical difficulties Defendant has experienced attending the MRT program, it agrees with the USPO that the MRT class teaches participants to follow the rules even when it is inconvenient or not to their liking.   The Court also agrees that the obstacles Defendant complains of are attendant consequences of his conviction and do not warrant removal of the condition.  Accordingly, the Court finds that the MRT condition remains necessary to ensure the Defendant is equipped with appropriate decision-making abilities once his term of supervision ends in October 2022, and his motion is denied.  The Court encourages Defendant to participate in and make the most of the MRT classes for the rest of his term of supervision.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Brent Brown's Motion to Modify Conditions of Supervised Release (Doc. 216) is **denied**.

**IT IS SO ORDERED.**

Dated: June 13, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
